ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Piedmont Roofing Services, L.L.C. a/a/o

Florence Feldsott;

     *Plaintiff*,

  v.

Auto Owners Insurance Co.,

     *Defendant*.

IN THE COURT OF COMMON PLEAS
THIRD JUDICIAL CIRCUIT

**COMPLAINT**
(Jury Trial Demanded)

The Plaintiff, Piedmont Roofing Services, L.L.C. a/a/o Florence Feldsott (hereinafter, "Piedmont") complains of Defendant above-named, would respectfully show unto this Honorable Court as follows. All sections of allegations below are incorporated into one another as if restated therein:

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

1.    This is a civil action for damages arising out of an insurance claim for unpaid proceeds pursuant to a homeowner's residential insurance policy on real property located in Sumter County, South Carolina.

2.    Plaintiff Piedmont is an assignee of insurance benefits under the policy of insurance upon assignment procured from the policyholders on or about September 18, 2023.[1]

3.    Upon information and belief, The Defendant Auto Owners Insurance Company (hereinafter "Defendant") is an insurance company that is registered with the South Carolina Department of Insurance to sell insurance in South Carolina.

---

[1] *See Exhibit A.*

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

4.      For all intents and purposes in this action, the Defendant directly conducted business by providing a policy of insurance to Florence Feldsott at their property of 728 Henderson Street, Sumter, SC 29150, which is located in Sumter County, South Carolina.

5.      This Court has jurisdiction over the subject matter and the parties to this action.

6.      Venue is properly laid in Sumter County in accordance with S.C. Code § 15-7-30.

**FACTS**

7.      Prior to September 18, 2023, policyholder Joseph and Judith Coonce purchased a property insurance policy from Defendant, Policy Number 9560899501 (hereinafter referred to as the "Policy").[2]

8.      The insureds made all payments owed to Defendant under the policy and Defendant accepted all payments, making the policy of insurance in full force and effect.

9.      Upon information and belief, a wind and/or hailstorm occurred in the area of the Subject Property on or about September 18, 2023 (the "windstorm").

10.     The windstorm was a significant weather event in Sumter County and particularly in Sumter, South Carolina where the subject property is located.

11.     The Policy was in full force and effect as of the date of the weather event.

12.     Upon information and belief, property damage claims were made and fully paid throughout much of Sumter County.

13.     In this instance, Defendant concedes that the Plaintiff's property was damaged by on this date and extended partial coverage for the damages under Defendant's claim number 300-0618463-2023 for the windstorm event.

---

[2] The policy of insurance in effect on the date of the loss was requested from Defendant, however, Defendant refused to acknowledge Plaintiff's requests for same.

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

14.     Upon Plaintiff's receipt of the above-referenced assignment of insurance benefits, the Plaintiff proceeded to replace the roof of the subject property as well as incur additional costs and expenses to bring the property up to current requirements of South Carolina Building Code. As also conceded by Defendant, the windstorm event caused damage to the roofs of the Subject Property.

15.     Upon completion of the replacing the damaged portions of the property, Plaintiff timely informed Defendant of the completion of the work and submitted a supplemental request for insurance benefits, in compliance with the terms, conditions, and post-loss obligations required under the policy.

16.     Upon its receipt, Defendant refused to acknowledge the additional expenses incurred in the replacement of the roof.  Defendant instead proceeded to pay only pursuant to its own estimate and gave no consideration to the additional documentation and expenses Plaintiff submitted to Defendant for reimbursement under the policy.

17.     Plaintiff and assignors have complied with all conditions precedent to this lawsuit which entitles Plaintiff to recover under the Policy, or any such conditions have been waived by Defendant.

18.     As a result of Defendant's nominal payments, the Defendant has left the Plaintiff less than fully indemnified under the policy of insurance and has left its policyholders unnecessarily subject to legal harm.

19.     At all relevant times, Defendant acted to further its own interests to the detriment of its insured.

3

20.     As set forth throughout, and as will be set forth with additional evidence throughout the discovery process and at trial, Defendant engaged in the following improper claims practices as outlined in S. C. Code Ann. § 38-59-20:

a.     Knowingly misrepresented to insureds pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages.

b.     Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies.

c.     Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims.

d.     Not attempting in good faith to effect prompt, fair, and equitable settlement of claims submitted to it in which liability has become reasonably clear.

e.     Compelling policyholders or claimants to institute suits to recover amounts reasonably due or payable with respect to claims arising under its policies by offering substantially less than the amounts ultimately recovered through suits brought by the claimants or through settlements with their attorneys employed as the result of the inability of the claimants to effect reasonable settlements with the insurers.

f.     Offering to settle claims for an amount less than the amount otherwise reasonably due or payable based upon the probability that the policyholder or claimant would be required to incur attorneys' fees to recover the amount reasonably due or payable.

g.     Engaging in other practices which constitute an unreasonable delay in paying or an unreasonable failure to pay or settle in full claims arising under coverages provided by its policies.

### FIRST CAUSE OF ACTION
(Breach of Contract Accompanied by a Fraudulent Act)

21.     Plaintiff adopts by reference as if incorporated verbatim, all the allegations made in the foregoing paragraphs as if fully restated herein.

22.     An insurance policy, including the subject Policy, is a contract between the insurer and insured that is defined by its terms and other legal principles.

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

23.     Upon Plaintiff obtaining a legally effective and enforceable assignment of insurance benefits, the Plaintiff steps into the shoes of the policy holder(s) to collect outstanding benefits owed under the policy of insurance.

24.     Plaintiff paid all premiums due and owing for coverage provided by the Policy and complied with all conditions precedent required under the Policy.

25.     In failing to properly investigate the Plaintiff's claim for supplemental payment of insurance benefits in a timely, fair and expedient manner, Defendant breached their contract, as well as Plaintiff's rights under the policy as an assignee, and their obligations set out in the Policy.

26.     In failing to timely and fully recompense the Plaintiff for the full amount of its estimate of damages incurred in the process of replacement of the damaged portions of the property, Defendant has breached its contract as well as the terms and conditions of the Policy.

27.     In addition, Defendant's breach of contract was accompanied by one or more fraudulent acts.

28.     Instead of paying the claim in full upon receipt of all documentation submitted by the Plaintiff, Defendant created a series of false and pretextual reasons to not pay the claim in full.

29.     Defendant continued on with its claimed bases for failing to pay the claim in full were knowing illegitimate and pretextual, and they all constitute fraudulent acts accompanying Defendant's breach of contract.

30.     Defendant continued to maintain that erroneous position even upon the Plaintiff obtaining the undersigned legal counsel informing the Defendant by way of a written demand letter; at which time Defendant continued to refuse to make payments on amounts owed.

31.     As a direct or proximate result of this breach, Plaintiff is entitled to recover the actual, direct, incidental, consequential, and punitive damages including but not limited to the cost

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

of replacement of the damaged areas of the property, for which Plaintiff provided proof of completion to the Defendant along with an invoice for expenses incurred, together with prejudgment interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
(Bad Faith)

32.     Plaintiff adopts by reference as if incorporated verbatim, all the allegations made in the foregoing paragraphs as if fully restated herein.

33.     Defendant has a duty to act in good faith and fair dealing with the Plaintiff-assignee as is implied in every policy of insurance issued in South Carolina.

34.     In failing to promptly investigate Plaintiff's Claim in a diligent manner, Defendant has acted with willful, wanton, and/or reckless disregard of Plaintiff's rights, despite their timely notice of the Claim and repeated demands for payment under the Policy.

35.     More specifically, Defendant has committed the following acts or omissions in bad faith:

     a.     Failing to pay under their policy in conscious, willful and/or reckless disregard of Plaintiff's rights.

     b.     Failing to undertake an adequate and reasonable investigation within a reasonable period of time.

     c.     Failing to acknowledge a reasonable promise of pertinent communication with respect to the claims arising under the Policy.

     d.     Failing to adopt and implement reasonable standards for the prompt investigation for the settlement of claims arising under the Policy.

     e.     Not attempting in good faith to effectuate fair and equitable settlement of claims submitted.

     f.     Refusing to give reasonable interpretations of the provisions in the Policy or any reasonable application of such provisions to the

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

claims and acting instead to protect their own financial interest at the expense of Plaintiff's rights.

g.    Acting to protect their own financial interest at the expense of the rights of the insured.

h.    Otherwise engaging in unfair and deceptive claims handling practices and violations of South Carolina law.

i.    Acting in such other manners as set forth in the Facts section above.

j.    Acting in such other manners as may be shown through discovery or at trial of the case.

36.    As a direct or proximate result of the bad faith exhibited by Defendant, Plaintiff has been compelled to engage legal counsel to initiate litigation to recover under the Policy as well as incur costs associated with that litigation.

37.    As a direct or proximate result of the bad faith exhibited by Defendant, Plaintiff is entitled to recover an award of all actual, direct, indirect, incidental, and consequential damages as well as punitive damages, together with prejudgment interests, attorneys' fees in accordance with S.C. Code § 38-59-40, and litigation costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

i)    That a judgment be entered in favor of the Plaintiff against Defendant for its breach of contract accompanied by a fraudulent act, including any and all actual, direct, indirect, incidental, consequential, and punitive damages arising from Defendant's breach of contract accompanied by a fraudulent act together with pre-judgment interest, attorneys' fees and litigation costs.

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

ii)  That in the alternative, a judgment be entered in favor of Plaintiff against Defendant for any and all actual, direct, indirect, incidental and consequential damages as well as punitive damages arising from Defendant's bad faith together with pre-judgment interest, attorneys' fees, and litigation costs.

iii)  That a trial by jury be had as to all issues of fact, liability, and damages.

iv)  That Plaintiff recovers its billable costs included herein.

v)  That Plaintiff be awarded any and all other such relief as the Court deems just and proper.

**As submitted above, Plaintiff maintains its demand and right to a Jury Trial.**

Respectfully submitted, this 20th day of January, 2026.

/s/ R. RYAN SMITH
**COHEN LAW GROUP**
*FOR THE FIRM*
South Carolina Bar Number: 105606
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: rsmith@itsaboutjustice.law
Secondary: cynthia.diaz@itsaboutjustice.law

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Piedmont Roofing Services, L.L.C. a/a/o

Florence Feldsott;

     *Plaintiff*,

  v.

Auto Owners Insurance Co.,

     *Defendant*.

IN THE COURT OF COMMON PLEAS
THIRD JUDICIAL CIRCUIT

**SUMMONS**
(Jury Trial Demanded)

**TO: ALL DEFENDANTS NAMED ABOVE**

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you and to serve a copy of your Answer to said Complaint on the subscriber at her office, R. RYAN SMITH, Esq., 350 North Lake Destiny Road, Maitland, Florida 32751, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to appear and defend the action as required by law, judgment by default will be rendered against you for the relief demanded in the Complaint.

                     */s/ R. RYAN SMITH*

                     **COHEN LAW GROUP**
                     R. RYAN SMITH, Esq.
                     *FOR THE FIRM*
                     South Carolina Bar Number: 105606
                     Florida Bar Number: 119396
                     350 North Lake Destiny Road
                     Maitland, Florida 32751
                     Phone: (407) 478-4878
                     Fax: (407) 478-0204
                     Primary: rsmith@itsaboutjustice.law

January 20, 2026

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097

# EXHIBIT A

# PIEDMONT
# ROOFING SERVICES, L.L.C.

4917 Cedar Forest Drive
Charlotte, NC 28226
704-236-3584
piedmontdisasterservicesllc@twc.com

## PROPOSAL AND CONTRACT

This Agreement made this _16_ day of _September_, 20 _23_ by and between Piedmont Roofing Services, L.L.C. and Owner(s) _Florence Feldsott_
Address _728 Henderson St, Sumter, SC, 29150_
Phone _803 775 4004_ Email _SFeldsott@sc.rr.com_

**1. SCOPE OF WORK AND PRICE:** Piedmont Roofing Services, L.L.C shall provide all labor and materials necessary to perform the roofing work described below ("Work") in exchange for a lump sum payment in the amount of $ _____

Color: _TBD_          Roof Brand: _IKO_          Year: _30_

Fiberglass Shingles: _____

Special Provisions: (If none, so state) _In accordance with Insurance Summery and Supplements As needed_

## ASSIGNMENT OF INSURANCE CLAIM:

I, _Florence Feldsott_ ("Assignor"), for good and valuable consideration, hereby assign to Ronald Pierce/Piedmont Roofing Services, L.L.C., ("Assignee") the following:

1. Any and all rights, title and interest (both legal and equitable) set forth in the insurance policy between Assignor and _Auto Owners_ ("Insurer"), Policy Number _9560449501_ (the "Policy"), with respect to any and all claims which Assignor may possess as against Insurer pursuant to the Policy for or relating to any loss which may be associated with claim number _____ or associated with the event of loss that occurred on _6/6/23_ (the "Insurance Claim"); and

2. Any and all causes of actions (both legal and equitable) which Assignor may have as against Insurer in connection with Insurance Claim at issue and/ or arising out of the failure of Insurer to pay for said loss pursuant to the terms of the policy.

## ASSIGNMENT OF INSURANCE PROCEEDS:

I hereby authorize and direct any and all insurance carriers, attorneys, agencies, governmental departments, companies, and individuals ("payers"), which may elect or be obligated to pay, provide, or distribute insurance proceeds or damages to me based on any property insurance policies I may have, to pay directly and exclusively to Piedmont Roofing Services, L.L.C. by me. The assignment of proceeds hereunder shall include, but not be limited to, proceeds from any insurance claim, settlement, judgement, or verdict.

This agreement constitutes the complete agreement between the parties and shall be binding upon each of the parties and their respective heirs, executors, administrators, successors, agents and assigns.

IN WITNESS WHEREOF, by signing below, the parties hereto agree to be bound to each other by the terms and conditions contained in this Agreement.

Piedmont Roofing Services, L.L.C.: _Ronald Pierce_ Print Name _Ronald Pierce_ Date _9/18/23_
Owner Signature: _Susan Feldsott_ Print Name _Susan Feldsott_ Date _9/18/23_

ELECTRONICALLY FILED - 2026 Jan 20 10:27 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300097